UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SISU CAPITAL, LLC, TIMOTHY OVERTURF, and HANSUELI OVERTURF,<br><br>Defendants. | Case No. 23-cv-03855-JSC<br><br>**ORDER RE: MOTION TO DISMISS DEFENDANT HANSUELI OVERTURF'S COUNTERCLAIMS**<br><br>Re: Dkt. No. 99 |

The United States Securities and Exchange Commission ("SEC") sues Sisu Capital, LLC and Timothy Overturf for violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-6(1) and 80b-6(2), and Hansueli Overturf for aiding and abetting Sisu Capital, LLC's and Timothy Overturf's violations. (Dkt. No. 1 at 10-12.)[1] The SEC seeks to permanently enjoin Hansueli Overturf from aiding and abetting violations of Advisers Act Sections 206(1) and 206(2); impose civil monetary penalties pursuant to Advisers Act Section 209(e), 15 U.S.C. § 80b-9(e); retain jurisdiction for future orders; and grant such other relief as the Court finds appropriate. (*Id.* at 12-13.) Hansueli Overturf counterclaims, alleging the SEC violated the Fifth Amendment's Due Process Clause and abused its regulatory authority and legal process and seeking compensatory and punitive damages. (Dkt. No. 58.) Now pending before the Court is the SEC's motion to dismiss Hansueli Overturf's counterclaims. (Dkt. No. 99.) Having carefully considered the parties' submissions, and with the benefit of oral argument on September 18, 2025, the Court GRANTS the SEC's motion to dismiss. Because Exchange Act Section 21(g)

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  prevents other parties from consolidating their actions with an SEC action without the SEC's
2  consent, Hansueli Overturf cannot bring his counterclaims against the SEC in the present action.
3  Moreover, even apart from Section 21(g), Hansueli Overturf's counterclaims for compensatory
4  and punitive damages are barred by sovereign immunity.

## DISCUSSION

Section 21(g) of the Exchange Act provides:

> Notwithstanding the provisions of section 1407(a) of Title 28, or any other provision of law, no action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the Commission, even though such other actions may involve common questions of fact, unless such consolidation is consented to by the Commission.

15 U.S.C. § 78u(g); *see also Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 332 n.17 (1979) ("[C]onsolidation of a private action with one brought by the SEC without its consent is prohibited by statute." (citing 15 U.S.C. § 78u(g))). As a general matter, when a defendant asserts claims against a plaintiff, Federal Rule of Civil Procedure 13 allows the defendant to—rather than bring an independent action—consolidate his claims with the plaintiff's existing action as counterclaims. So, when a defendant asserts counterclaims against the SEC, the defendant seeks to "consolidate[] or coordinate[]" his own action with an action "instituted by the Commission," and Section 21(g) prevents him from doing so without the SEC's consent. Indeed, the courts to consider the issue uniformly agree Section 21(g) bars a defendant's counterclaims in an SEC action unless the SEC consents. *See SEC v. Wellness Matrix Grp.*, No. 8:21-cv-01031-JVS (DFMx), 2021 WL 6104812, at *2 (C.D. Cal. Oct. 14, 2021) ("Section 21(g) . . . bars defendants from bringing a counterclaim in an SEC enforcement action without the SEC's consent."); *SEC v. Penn*, 225 F. Supp. 3d 225, 238 (S.D.N.Y. 2016) ("[C]ounterclaims cannot be consolidated . . . because the SEC has not consented."); *SEC v. Better Life Club of Am., Inc*., 995 F. Supp. 167, 180 (D.D.C. 1998) (holding Section 21(g) barred defendant's counterclaims), *aff'd*, 203 F.3d 54 (D.C. Cir. 1999), *cert. denied sub nom.*, *Taylor v. SEC*, 528 U.S. 867 (1999); *see also SEC v. Allison*, No. C-81-19, 1981 WL 1667, at *1 (N.D. Cal. Aug. 7, 1981) (dismissing crossclaim as "expressly prohibited" by Section 21(g)). Because the SEC does not consent (Dkt. No. 99 at 4), Section

2

21(g) prevents Hansueli Overturf from bringing counterclaims in the SEC's present action.

Hansueli Overturf first argues delay and efficiency do not justify dismissing his compulsory counterclaims, which "arise out of the very same occurrences underlying Plaintiff's claims." (Dkt. No. 105-1 at 4.) However, Section 21(g) prohibits consolidation of other actions "even though such other actions may involve common questions of fact." *See* 15 U.S.C. § 78u(g); *see also Wellness Matrix Grp.*, 2021 WL 6104812, at *2 (noting Section 21(g) "has routinely been employed to dismiss . . . counterclaims because such additional claims protract litigation" (quotation marks and citation omitted)). So, Section 21(g)'s prohibition extends to Hansueli Overturf's compulsory counterclaims.

Hansueli Overturf also contends Section 21(g) only prohibits counterclaims in SEC "action[s] for equitable relief," and not here, when the SEC seeks civil penalties alongside equitable relief. *See SEC v. Jarkesy*, 603 U.S. 109, 123-24 (2024) (confirming civil penalties are legal remedies). The Court disagrees. First, this action *is* an action for equitable relief; that the SEC also seeks civil penalties does not mean its action is not an action for equitable relief. So, to allow the counterclaims to proceed would be to permit this SEC action for equitable relief to be coordinated with an action brought by someone other than the SEC.

Second, as the court explained in *SEC v. Thrasher*, No. 92 CIV. 6987 (JFK), 1995 WL 456402 (S.D.N.Y. Aug. 2, 1995), when Congress enacted Section 21(g) in 1975, the SEC only had authority to seek equitable remedies. *Id.* at *4. Congress later empowered the SEC to seek civil penalties, but the reading of Section 21(g) "best supported by the legislative history [] is that Congress saw no need to amend § 21(g) because it already allowed for the exemption in any action in which equitable remedies were sought." *Id.* Courts therefore have held Section 21(g) still bars other parties' claims when the SEC seeks civil penalties alongside equitable remedies. *See SEC v. Wealth Mgmt. LLC*, No. 09-C-506, 2009 WL 3765395, at *2 (E.D. Wisc. Nov. 9, 2009) (citing *Thrasher* and dismissing counterclaims); *SEC v. Perkins*, No. 5:19-cv-0243-BR, 2020 WL 1528415, at *1 (E.D.N.C. Mar. 30, 2020) (citing *Thrasher* and dismissing crossclaims); *see also SEC v. One or More Unknown Traders in the Common Stock of Certain Issuers*, 530 F. Supp. 2d 192, 193, 195 (D.D.C. 2008) (barring crossclaims when SEC sought equitable relief and

3

1    civil penalties); *Wellness Matrix Grp.*, 2021 WL 6104812, at *1-2 (barring counterclaim when
2    SEC sought equitable relief and civil penalties).  The SEC's seeking civil penalties in addition to
3    equitable remedies does not remove Section 21(g)'s prohibition on Hansueli Overturf's
4    counterclaims.

5          Even if Section 21(g) does not bar Hansueli Overturf's counterclaims for compensatory
6    and punitive damages, sovereign immunity does.  As a sovereign, the United States "is immune
7    from suit unless it has expressly waived such immunity and consented to be sued." *Dunn &*
8    *Black, P.S. v. United States*, 492 F.3d 1084, 1087-88 (9th Cir. 2007); *see also Sprecher v. Graber*,
9    716 F.2d 968, 973 (2d Cir. 1983) (noting SEC's sovereign immunity).  Hansueli Overturf
10   contends "[j]urisdiction may [] be properly grounded in" the Federal Tort Claims Act ("FTCA"),
11   28 U.S.C. § 1346(b), or the Seventh Amendment.  (Dkt. No. 105-1 at 4.)  However, the FTCA
12   maintains sovereign immunity for claims based on discretionary regulatory functions, such as the
13   SEC's choice to prosecute.  *See* 28 U.S.C. § 2680(a); *see also Better Life Club of Am., Inc.*, 995 F.
14   Supp. at 180 ("Investigation and prosecution under § 21 of the Securities Acts is discretionary;
15   therefore, the United States is immune to these claims.").  And without an accompanying
16   congressional wavier, the Seventh Amendment does not waive sovereign immunity.  *See United*
17   *States v. Dalm*, 494 U.S. 596, 608 (1990) (explaining Congress must "unequivocally express[]"
18   waivers).

19         Although Hansueli Overturf cannot assert counterclaims against the SEC, he still can
20   defend against the SEC's claims by challenging the SEC's authority or raising constitutional
21   arguments.  *See Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*, 603 U.S. 799, 823 (2024)
22   ("Regulated parties may always assail a regulation as exceeding the agency's statutory authority in
23   enforcement proceedings against them." (quotation marks and citation omitted)); *see also*
24   *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146, 158 n.5 (2025)
25   ("Barring defendants in enforcement actions from raising arguments about the legality of agency
26   rules or orders enforced against them raises significant questions under the Due Process Clause.").
27   However, the *Thunder Basin* factors do not apply because the SEC initiated its suit in federal
28   district court.  *See Axon Enter., Inc. v. FTC*, 598 U.S. 175, 185-86 (2023) (explaining *Thunder*

United States District Court
Northern District of California

4

1  *Basin* applies to "special statutory review scheme[s]" in which an "agency effectively fills in for the district court, with the court of appeals providing judicial review").

Because Section 21(g) of the Exchange Act and sovereign immunity bar Hansueli Overturf's counterclaims, the Court grants the SEC's motion to dismiss.

## CONCLUSION

For the reasons stated above, the Court GRANTS the SEC's motion to dismiss Hansueli Overturf's counterclaims. Because the Exchange Act's Section 21(g) bars any counterclaims Hansueli Overturf might assert against the SEC and, in any event, sovereign immunity bars his counterclaims for compensatory and punitive damages, the Court denies leave to amend. *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) ("Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.").

This Order disposes of Docket No. 99.

**IT IS SO ORDERED.**

Dated: September 19, 2025

JACQUELINE SCOTT CORLEY
United States District Judge